UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-22887-GAYLES/OTAZO-REYES

**JORGE MATTOS and PATRICIA TOJA**,

    Plaintiffs,

v.

**NATIONAL WESTERN LIFE INSURANCE COMPANY, a foreign corporation, and UNIVERSAL INSURANCE BROKER, CORP., a Florida corporation**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiffs Jorge Mattos and Patricia Toja's Motion for Relief from the Court's Order Compelling Arbitration and Staying the Case (the "Motion") [ECF No. 19]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

### I.   BACKGROUND[1]

On May 4, 2020, Plaintiffs Jorge Mattos and Patricia Toja brought this action against Defendants in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, seeking to enforce a life insurance policy (the "Policy"). [ECF No. 1-1]. On July 13, 2020, Defendant National Western Life Insurance ("NWL") removed this action from state court. [ECF No. 1]. On July 20, 2020, NWL moved to compel arbitration and to stay the proceedings pending arbitration. [ECF No. 6]. The next day, Defendant Universal Insurance Broker, Corporation

---

[1] The facts of this case are incorporated by reference from this Court's Order granting Defendant National Western Life Insurance Company's Motion to Compel Arbitration and Stay the Proceedings and Defendant Universal Insurance Broker, Corp.'s Motion to Stay this Action Pending Arbitration. *See* [ECF No. 16].

("UIB") also moved to stay the proceedings pending arbitration but did not move to compel arbitration. [ECF No. 7]. The question before the Court was whether the arbitration provisions in the Policy and the application for the Policy (the "Application") compelled Plaintiffs to arbitrate this dispute. On August 30, 2020, the Court granted NWL and UIB's motions. [ECF No. 16]. The Court ruled that, absent any challenge to the delegation provisions in the Policy and the Application, which required the parties to arbitrate "gateway" questions of arbitrability, the parties were compelled to arbitrate this matter. *Id.*

On September 3, 2020, Plaintiffs filed the instant Motion requesting relief from the Order. Plaintiffs contend that NWL did not raise the "gateway/delegation" argument in its initial motion and raised the argument for the first time in its Reply, in violation of S.D. Fla. Local Rule 7.1(c) which prohibits new arguments in a reply memorandum and permits only rebuttals. As a result, Plaintiffs did not file a sur-reply challenging the delegation provisions due to their "incorrect understanding that the Rules did not permit any further responses/replies." [ECF No. 19 at 3]. Plaintiffs now bring the instant Motion pursuant to Federal Rule of Civil Procedure 60(b)(1), requesting that the Court grant Plaintiffs leave to file a sur-reply, or construe the instant motion as a sur-reply and deny Defendant National Western Life Insurance Company's Motion to Compel Arbitration and Stay the Proceedings, [ECF No. 6].

**II.   LEGAL STANDARD**

Under Rule 60(b), a party may seek relief from a final judgment, or order, if any of the following circumstances exist:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) is an extraordinary remedy, which may be invoked only upon a showing of exceptional circumstances." *Locke v. Warren*, No. 19-cv-61056, 2020 WL 2129243, at *2 (S.D. Fla. May 5, 2020) (quoting *Tucker v. Commonwealth Land Title Ins. Co.*, 800 F.2d 1054, 1056 (11th Cir. 1986)).

### III.  DISCUSSION

First, Plaintiffs ask that the Court to grant relief from the Order under Rule 60(b)(1) for mistake, inadvertence, or excusable neglect to give Plaintiffs' the opportunity to challenge the delegation provision. According to Plaintiffs, they "inadvertently or mistakenly failed to make a motion to file a Sur-Reply" challenging the delegation provision due to their attorneys' "incorrect understanding that the Rules did not permit any further responses/replies." [ECF No. 19 at 3]. Plaintiffs believed the Court would not consider NWL's arguments on the grounds they violated Local Rule 7.1(c).

Pursuant to Local Rule 7.1(c)(1), a reply memorandum is "strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." "While raising new arguments on reply is generally inappropriate, reply evidence may contain facts not previously mentioned in the opening brief, as long as the facts rebut elements of the opposition memorandum and do not raise wholly new factual issues." *Lage v. Ocwen Loan Servicing LLC*, 145 F. Supp. 3d 1172, 1181 (S.D. Fla. 2015), *aff'd*, 839 F.3d 1003 (11th Cir. 2016) (quotations omitted). A party may only file a sur-reply to rebut a reply memorandum with prior leave of Court. S.D. Fla. Local Rule 7.1(c)(1).

Here, NWL properly rebutted Plaintiffs' defenses to the enforcement of the arbitration provisions in the Policy and Application by pointing to the delegation provisions. *See generally* [ECF Nos. 8, 15]. The fact that Plaintiffs' counsel misunderstood the procedural rules and corresponding case law is inadequate grounds for relief under Rule 60(b)(1). *See, e.g.*, *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (affirming the district court's denial of relief under Rule 60(b) when counsel filed an untimely motion because he misinterpreted a Federal Rule of Civil Procedure). Thus, Plaintiffs have not established they are entitled to relief under Rule 60(b)(1).

Second, even if the Court extends leniency and construes the instant Motion as Plaintiffs' sur-reply, the outcome would be the same. Plaintiffs argue the delegation provisions are silent as to whether an arbitrator should determine the applicability and scope of the arbitration provisions and issues of unconscionability, unclean hands, waiver, and estoppel. The Court finds Plaintiffs' argument unavailing. Plaintiffs do not cite, nor is the Court aware of, any legal authority that suggests a delegation provision must specifically list every issue intended for the arbitrator. Under Eleventh Circuit law, a delegation clause will be upheld, even if it includes broad language, if it represents the parties' clear and unmistakable intent to arbitrate gateway issues. *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1267 (11th Cir. 2017). Courts make this determination by looking at the wording of the provision. *Id.*

Here, the language of the delegation provisions is broad enough to evince the parties' clear and unmistakable intent to arbitrate Plaintiffs' challenges to the arbitration provisions. *See In re Checking Acct. Overdraft Litig. MDL No. 2036*, 674 F.3d 1252, 1256 (11th Cir. 2012) (finding the delegation provision, which states that "[a]ny issue regarding whether a particular dispute or controversy is subject to arbitration will be decided by the arbitrator," provides clear and

unmistakable evidence that the parties manifested their intent to arbitrate whether plaintiff's claims are within the scope of the arbitration agreement) (citing *Anders v. Hometown Mortg. Servs., Inc.*, 346 F.3d 1024, 1028 (11th Cir. 2003) ("The agreement could not have been broader. Any disputes means all disputes, because 'any' means all.")). In this case, the Application's delegation provision provides that "*all* jurisdiction, arbitration, unconsciousness, relative or absolute annulment, termination, reformation matters or any connection existing in the law or in equity on the renewal of any contract *shall be determined exclusively by the arbitration court.*" [ECF No. 1-1 at 54] (emphasis added). Additionally, the Policy's delegation provision states that "*all matters* regarding jurisdiction, arbitration, obliviousness, relative or absolute annulment, termination, reformation, or any link existing in the law or in equity over the revocation of any contract *shall be exclusively assessed by the arbitration court.*" [ECF No. 1-1 at 80] (emphasis added). These delegation provisions were broadly written as to encompass Plaintiffs' challenges of illegality, unconscionability, unclean hands, waiver, and estoppel. Thus, Plaintiffs' Motion must be denied.

IV.   **CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiffs Jorge Mattos and Patricia Toja's Motion for Relief from the Court's Order Compelling Arbitration and Staying the Case, [ECF No. 19], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of May, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE